O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7955 AHM (SSx) | Date | May 20, 2008 |
|---|---|---|---|

| Title | ENDOSCOPIC TECHNOLOGIES, INC.  v. GARY KOCHAMBA |
|---|---|

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE |
|---|---|

| Stephen Montes | Not Reported | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: |
|---|---|

**Proceedings:**          IN CHAMBERS (No Proceedings Held)

## I.     INTRODUCTION

This matter is before the Court on the motion of Petitioner Endoscopic Technologies, Inc. ("Estech") to vacate in part or modify in part an arbitration award arising from a dispute over a patent license.  Estech, a manufacturer of medical devices based in California, agreed to pay Respondent Dr. Gary Kochamba royalties for the sale of Estech products using the licensed patents.  After deciding that royalties were not due to Kochamba for the sale of its products, Estech submitted a demand for arbitration, seeking a credit for royalties that it had previously paid Kochamba and a declaration that its products do not fall within the scope of the licensed patents.  On October 11, 2007, Arbitrator Lester J. Savit issued a decision and final award.  On December 6, 2007, Estech moved, pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16, to vacate in part or modify in part the award.  For the following reasons, the Court DENIES Estech's motion.[1]

## II.     BACKGROUND

### A.     The Licensing Agreement

Kochamba invented a suction device that uses a rigidifying bladder to attach the device to heart tissue for use during heart surgery.  This invention was patented through patent 6,251,065 ("the '065 patent') and had several improvements that were also

---

[1] Kochamba has not challenged the award in any respect.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7955 AHM (SSx) | Date | May 20, 2008 |
|---|---|---|---|
| Title | ENDOSCOPIC TECHNOLOGIES, INC.  v. GARY KOCHAMBA | | |

patented, including a March 15, 1999 patent application that became patent 6,6607,479
("the '479 patent").  Postol Decl., Ex. 102, 104.

On October 3, 2002, Kochamba entered into a license agreement with Estech.
Postol Decl., Ex. 100.  Section 2.1.1 of the agreement exclusively licenses Kochamba's
"Licensor Patent Rights and Technology" to Estech.  *Id.* at 3.  Article I of the license
agreement defines "Licensor Patent Rights" as "the rights and protections embodied in
and resulting from the Issued Patent, the Patent Applications and any and all patented
Improvements."  *Id.*  The "Issued Patent" is the '065 patent and "Patent Applications"
include the continuation-in-part application that became the '479 patent.  *Id.* at 2-3.
"Improvements" are defined as "any technological advances in the inventions claimed
and/or disclosed in the Issued Patent and/or Patent Applications for which patent
protection may be sought or that may otherwise have commercial value."  *Id.* at 2.
"Technology" is defined broadly as: (a) the technological information and inventions
related to cardiac applications as described and/or claimed in the Licensor Patent Rights;
(b) the technology related to cardiac applications as described and/or claimed in the
Issued Patent and/or the Patent Applications; and/or (c) any and all improvements or such
information and/or technology owned now or at any time during the term of this License
Agreement by Licensor relating to cardiac applications only.  *Id.* at 3.

Section 2.2.1 of the agreement provides that Estech agrees to pay royalties to
Kochamba based on the sale of any Estech product that utilizes the "Licensor Patent
Rights."  *Id.* at 4.  Estech also agreed under the license agreement to prosecute
Kochamba's patent applications.  Section 3.1 provides that Estech shall direct and control
the preparation, filing, and prosecution of the patent applications and exercise its best
efforts to obtain all patents that fall within the Licensor Patent Rights.  *Id.* at 8.

Finally, in Article VIII of the license agreement, the parties agreed that:

> Any dispute, controversy or claim arising out of or relating to this
> Agreement must initially be submitted by the parties for mediation before a
> mediator mutually agreed to by the parties for this purpose.  If the parties
> cannot agree on a mediator, or if such mediation does not result in settlement
> of the dispute, controversy of claim, then it shall be finally settled by
> arbitration in accordance with the following paragraphs, and in accordance

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7955 AHM (SSx) | Date | May 20, 2008 |
|---|---|---|---|
| Title | ENDOSCOPIC TECHNOLOGIES, INC.  v. GARY KOCHAMBA | | |

with, but not under the auspices of, the Rules of the American Arbitration
Association.

*Id.* at 13.

### B.    The Arbitration

After Estech stopped paying Kochamba royalties under the license agreement,
Estech filed for arbitration on January 16, 2007.  Estech sought a credit for royalties that
it had previously paid Kochamba and a declaration that its products do not fall within the
scope of the licensed patents.  Postol Decl., Ex. 100 at 1.  On February 28, 2007,
Kochamba filed a counterclaim in the arbitration, arguing that Estech breached the
license agreement by failing to name him as a co-inventor of patent 6,849,075 (" the '075
patent").  *Id.* at 2.

A preliminary hearing was held on February 7, 2007 and Arbitrator Lester J. Savit
conducted hearings on the merits on June 14 and 15, and July 23, 2007.  *Id.*  The
Arbitrator found that six Estech products did not fall within the scope of any claims of
Kochamba's patents and thus Kochamba was not entitled under the agreement to
royalties for these products.  *Id.* at 25-28.  Estech does not challenge this ruling.

The Arbitrator also ruled that under the "markings doctrine" Estech owed
Kochamba royalties on some of its products up to the date of the arbitration decision
because Estech continued to affix the two patent numbers from the License Agreement
(patents '065 and '479) on the packaging of the products until two months before the
decision.  *Id.* at 28-31.  The Arbitrator also found that Estech breached the license
agreement by failing to name Kochamba as a co-inventor on the '075 patent.  *Id.* at 39.
Thus, the Arbitrator concluded that Kochamba should be listed as a co-inventor on that
patent and that Estech should pay him past and future royalties for the sale of any product
falling within the scope of the patent.  *Id.* at 39.  Estech challenges these rulings.

### C.    Estech's Motion

In its motion, Estech identifies five issues for the Court to consider:

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7955 AHM (SSx) | Date | May 20, 2008 |
|---|---|---|---|

| Title | ENDOSCOPIC TECHNOLOGIES, INC.  v. GARY KOCHAMBA | | |

(1) "The Arbitrator exceeded his authority because the arbitration clause did not cover patent 6,849,075 since the License Agreement only covered one patent and one patent application, and CIP improvement patents to them, and patent 6,849,075 is not a CIP patent.[2]  While the Arbitrator found patent 6,849,075 'relates to' the License Agreement, and thus found it was covered by the arbitration clause, there was absolutely no basis for that conclusion."

(2) "There was no basis in the License Agreement for awarding royalties for patent 6,849,075, and thus the Arbitrator went beyond the scope of his authority in awarding royalties.  Even if patent 6,849,075 relates to the Licensing Agreement, the Arbitrator erred in jumping to the conclusion the patent is covered by the License Agreement and thus subject to the royalty provision of the License Agreement."

(3) "The Arbitrator's ruling that the contract claim for inventorship is not barred by the applicable 4 year statute of limitations ignores the clear law as applied to the undisputed facts, and thus improperly disregarded the law."

(4) "The Arbitrator ignored federal patent law which provides that the inventors on an issued patent are presumed correct, unless there is clear and convincing evidence to the contrary.  The Arbitrator also did not consider Estech's last reply brief, and never discussed the affidavit of Estech's Chief Engineer, Mr. Ibrahim . . . ."

(5) "Finally, the Arbitrator exceeded his authority in the License Agreement when he applied the marking doctrine, contrary to the License Agreement which only provided for royalties if there was infringement (and the Arbitrator found there was none), and moreover, the License Agreement required the maintenance of the status quo during arbitration, except for what was challenged, and Kochamba never asked that the patent numbers be removed from the products pending the arbitration."

Pet. Mem. at 3-5.

Estech asks this Court to: (1) vacate the Arbitrator's finding with respect to the marking doctrine from paragraph 2 of the Final Award; (2) modify paragraph **3** of the

---

[2] "CIP" means "continuation in part."

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7955 AHM (SSx) | Date | May 20, 2008 |
|---|---|---|---|
| Title | ENDOSCOPIC TECHNOLOGIES, INC.  v. GARY KOCHAMBA | | |

Final Award so that Estech owes Kochamba no royalties for the sale of the products at issue; and (3) vacate paragraphs 3, 4 and 5 of the Final Award, which state that Estech breached the license agreement by failing to name Kochamba as co-inventor of the '075 patent, that Kochamba is entitled to be named as co-inventor of this patent, and that Estech shall pay him past and future royalties for the sale of any products falling within the scope of the patent.

## III.  LEGAL STANDARD

In its *en banc* decision in *Kyocera Corp. v. Prudential-Bache Trade Services, Inc.*, 341 F.3d 987 (9th Cir. 2003) (en banc), the Ninth Circuit held that a federal court may review an arbitral decision only on the grounds set forth in the Federal Arbitration Act.  It set forth the following standard of review of arbitral decisions under the Federal Arbitration Act:

> The Federal Arbitration Act, 9 U.S.C. §§ 1-16, enumerates limited grounds on which a federal court may vacate, modify, or correct an arbitral award. Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the statute, which is unambiguous in this regard . . . .

*Id.* at 994.  The *Kyocera* court went on to state that:

> The Act states that if a party seeks a judicial order confirming an arbitration award, "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title."  9 U.S.C. § 9.  Under the statute, "confirmation is required even in the face of erroneous findings of fact or misinterpretations of law."  *French v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 784 F.2d 902, 906 (9th Cir. 1986) (internal quotation marks omitted).  Rather, § 10 permits vacatur only:
>
> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7955 AHM (SSx) | Date | May 20, 2008 |
|---|---|---|---|

| Title | ENDOSCOPIC TECHNOLOGIES, INC.  v. GARY KOCHAMBA |
|---|---|

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).  We have held that arbitrators "exceed their powers" in this regard not when they merely interpret or apply the governing law incorrectly, but when the award is "completely irrational," *French*, 784 F.2d at 906, or exhibits a "manifest disregard of law," *Todd Shipyards Corp. v. Cunard Line, Ltd.*, 943 F.2d 1056, 1059-60 (9th Cir. 1991).  *See also G.C. & K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1105-06 (9th Cir. 2003) (discussing the standard).

If vacatur is not warranted, section 11 allows a court to modify or correct an award:

(a) [w]here there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award[;]

(b) [w]here the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted[; or]

(c) [w]here the award is imperfect in matter of form not affecting the merits of the controversy.

9 U.S.C. § 11 (emphasis added).

In sum, the Federal Arbitration Act allows a federal court to correct a technical error, to strike all or a portion of an award pertaining to an issue

O

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7955 AHM (SSx) | Date | May 20, 2008 |
|---|---|---|---|
| Title | ENDOSCOPIC TECHNOLOGIES, INC.  v. GARY KOCHAMBA | | |

not at all subject to arbitration, and to vacate an award that evidences affirmative misconduct in the arbitral process or the final result or that is completely irrational or exhibits a manifest disregard for the law.  These grounds afford an extremely limited review authority, a limitation that is designed to preserve due process but not to permit unnecessary public intrusion into private arbitration procedures.

Congress had good reason to preclude more expansive federal court review. Arbitration is a dispute resolution process designed, at least in theory, to respond to the wishes of the parties more flexibly and expeditiously than the federal courts' uniform rules of procedure allow.

*Id.* at 997-98.

## IV.   DISCUSSION

In its motion, Estech advances largely the same arguments that the Arbitrator considered and rejected.  Given that the Arbitrator found that six of Estech's products did not fall within the scope of any claims of Kochamba's patents, Estech has moved to vacate or modify the award only in part.  As noted above, Section 11 of the Federal Arbitration Act "allows a court to modify or correct an award: (a) [w]here there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award[;] (b) [w]here the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted[; or] (c) [w]here the award is imperfect in matter of form not affecting the merits of the controversy."  *Kyocera Corp.*, 341 F.3d at 997 (quoting 9 U.S.C. § 11).  Estech invokes none of these provisions because none **is** applicable.  Instead, Estech invokes § 10, which permits vacatur "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."  9 U.S.C. § 10(a)(4).  As the Ninth Circuit noted in *Kyocera*, arbitrators "exceed their powers" in this regard not when they merely interpret or apply the governing law incorrectly, but when the award is "completely irrational," *French*, 784 F.2d at 906, or exhibits a "manifest disregard of law," *Todd Shipyards Corp. v. Cunard Line, Ltd.*, 943 F.2d 1056, 1059-60 (9th Cir. 1991).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7955 AHM (SSx) | Date | May 20, 2008 |
|---|---|---|---|

| Title | ENDOSCOPIC TECHNOLOGIES, INC.  v. GARY KOCHAMBA |
|---|---|

> **A.      Whether the Arbitrator exceeded his authority by finding that Estech breached the license agreement by failing to list Kochamba as a co-inventor on the '075 patent.**

In his decision, the Arbitrator found that under the license agreement, "Estech had a contractual obligation to prosecute patent applications covering AF ablation technology in a manner that preserved Kochamba's rights to the inventions disclosed in the notebook pages." Postol Decl., Ex. 100 at 32. The "subject matter disclosed to Estech in Kochamba's February/March 2002, notebook pages, relating to AF ablation technology" became the '075 patent. *Id.* Thus, the Arbitrator concluded that "based on the documentary evidence presented at the hearing, Kochamba [] established his proper status as co-inventor of the subject matter of claim 1 of the '075 patent." *Id.* at 33. The Arbitrator noted that Estech failed to provide any evidence to corroborate its contention that Estech conceived of the subject matter of the '075 patent before Kochamba did. *Id.*

Estech argues that because the award resolved an issue not properly before the Arbitrator– the inventorship of the '075 patent– "his decision must be vacated in terms of that issue." Pet. Mem. at 27. Estech claims that a "correct reading of the License Agreement and its arbitration clause makes clear the Arbitrator had no jurisdiction over patent 6,849,075." *Id.* at 28. The license agreement involves only the "Licensor Patent Rights," defined by the agreement as the "Issued Patent," the "Patent Application," and any and all patented "Improvements." Postol Decl., Ex. 100 at 3. Estech argues that the '075 patent falls into none of these categories.

However, the Arbitrator directly addressed the issue of whether he had authority to decide inventorship. The Arbitrator concluded that the license agreement is not as narrow as Estech characterizes it. *Id.* at 36. He found that the agreement "requires Estech to prosecute patent applications in the name of Kochamba and to protect his rights to improvements in continuation-in-part applications," with the intention "to include Kochamba's future technological contributions and to compensate him with royalties based on sales of Estech products utilizing those technologies." *Id.* Moreover, the Arbitrator noted that the arbitration clause of the license agreement "compels arbitration to resolve not just disputes arising out of the License Agreement, but also those 'relating' to it." *Id.* The Arbitrator determined that Kochamba's claim that the agreement required Estech to list him as a co-inventor of the application for the '075 patent did "not become

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7955 AHM (SSx) | Date | May 20, 2008 |
|---|---|---|---|

| Title | ENDOSCOPIC TECHNOLOGIES, INC.  v. GARY KOCHAMBA |
|---|---|

so unrelated to the License Agreement as to be beyond the arbitration provisions merely because Estech's patent counsel chose not to list Kochamba as a co-inventor." *Id.*

Arbitrators "exceed their powers" not when they merely interpret or apply the governing law incorrectly, but when the award is "completely irrational," *French*, 784 F.2d at 906, or exhibits a "manifest disregard of law," *Todd Shipyards Corp.*, 943 F.2d at 1059-60.  No such irrationality or disregard is evident here.  The '075 patent involves a suction device that includes "an ablation member that is aligned through or between the aligned suction apertures."  Postol Decl., Ex. 100 at 32.  The Arbitrator reviewed documentary evidence and held three days of hearings.  In his decision, he described the history of the development and prosecution of the '075 patent and concluded that he had the authority to decide inventorship because the '075 patent fell within Kochamba's rights under the agreement and because Kochamba's claim was "related" to the agreement such that it triggered the agreement's arbitration clause.  The Court finds no basis to conclude that in making this finding the Arbitrator exceeded his authority.

> **B.     Whether the Arbitrator exceeded his authority by awarding royalties for patent '075.**

Estech contends that even if the '075 patent relates to the license agreement, that patent is not subject to the royalty provision of the agreement.  Estech asserts that the licensing agreement provides for royalties only for sales of products that utilize the "Technology" or the "License Patent Rights."  Thus, Estech again claims that the Arbitrator exceeded the scope of his authority in awarding royalties.

After concluding that he had the authority to determine the inventorship of the '075 patent, the Arbitrator ruled that Kochamba helped invent the '075 patent and that he should be listed as a co-inventor on that patent.  Accordingly, the final award states that "Estech shall pay past and future royalties to Kochamba pursuant to provisions of the License Agreement for the sale of any product falling within the scope of the '075 patent." *Id.* at 39.  Given that the Arbitrator found that the License Agreement covered the '075 patent because the patent fell within "Kochamba's future technological contributions," the Arbitrator's conclusion that Kochamba is entitled to royalties arising under the license agreement in connection to this patent is consistent with the terms of the agreement and does not evidence complete irrationality or manifest disregard of the law.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7955 AHM (SSx) | | Date | May 20, 2008 |
|---|---|---|---|---|
| Title | ENDOSCOPIC TECHNOLOGIES, INC.  v. GARY KOCHAMBA | | | |

**C.**    **Whether the Arbitrator disregarded the law by ruling that Kochamba's claim was not barred by the applicable four-year statute of limitations.**

Estech contends that the Arbitrator ignored the four-year statute of limitations for Kochamba's breach of contract counterclaim for failing to name Kochamba as a co-inventor on an October 15, 2002 patent application.

The Arbitrator characterized the alleged breach as Estech's failure to name Kochamba as a co-inventor of Estech's patent application filed on that date.  The Arbitrator stated that "Kochamba could not have known about Estech's patent application, or seen the actual specification and claims, until less than four years before filing his counterclaims in this arbitration" and that Estech "failed to show that Kochamba should have known in 2002 of Estech's failure to include him as a co-inventor." *Id.* at 38.  Thus, the Arbitrator ruled that because Kochamba could not have learned of Estech's application more than four years before the arbitration, the statute of limitations does not bar Kochamba's claims. *Id.*

Estech claims that the applicable statute of limitations should have begun to run no later than when that application was filed in 2002 without listing Kochamba as a co-inventor.  Estech cites several unpublished California decisions for the general rule that breach of contract actions accrue at the time of breach, not the time of discovery. *See Ross v. Century 21 Bill Pike Realty*, 2003 WL 1849245 (Cal. App. 2003) (unpublished); *G & G Fire Sprinklers, Inc. v. Perini Building Co.*, 2002 WL 990983 (Cal. App. 2002) (unpublished).  While this statement of the law may be correct under most circumstances, it is not clear that it applies here.  Besides, at worst the Arbitrator "misinterpreted the law" or arrived at an "erroneous legal conclusion," neither of which warrants vacatur or modification of his decision. *See French*, 784 F.2d at 906 (Confirmation is required even in the face of "erroneous findings of fact or misinterpretations of law."); *Kyocera Corp.*, 341 F.3d at 994 ("Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the statute . . . .").  Neither does the Arbitrator's decision exhibit a "manifest disregard of law." *See Kyocera Corp.*, 341 F.3d at 997.

**D.**    **Whether the Arbitrator ignored the proper legal standard for patent inventorship and failed to consider Estech's last brief and other**

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7955 AHM (SSx) | Date | May 20, 2008 |
|---|---|---|---|

| Title | ENDOSCOPIC TECHNOLOGIES, INC.  v. GARY KOCHAMBA |
|---|---|

**evidence.**

Estech argues that the Arbitrator failed to recognize that inventors listed on an issued patent are presumed correct and a party seeking correction of inventorship must provide clear and convincing evidence of inventorship.  Pet. Mem. at 33 (citing *Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1318-19 (Fed. Cir. 2004).  Estech also claims that the Arbitrator's decision was procedurally defective because he failed to consider Estech's last reply brief.  Finally, Estech contends that the Arbitrator ignored critical evidence, including an affidavit and drawings from its Chief Engineer, Mr. Ibrahim, which Estech contends prove that Ibrahim and not Kochamba invented a related product.

In ruling that Estech breached the license agreement by failing to name Kochamba as a co-inventor on the '075 patent, the Arbitrator relied on the provisions of the License Agreement.  The Arbitrator stated that "Section 3.1 of the License Agreement allows Estech to control the preparation, filing and prosecution of the patent applications falling within the scope of the license" and that the agreement "requires Estech to preserve and maintain the validity and enforceability of the Licensor Patent Rights."  Postol Decl., Ex. 100 at 31-32.  The Arbitrator concluded that, "based on the documentary evidence presented at the hearing," Kochamba's "conceptions and written descriptions of AF ablation technology" fell within the scope of Licensor Patent Rights and must be preserved by Estech.  *Id.* at 32, 33.  The evidence that the Arbitrator relied on included these conceptions and written descriptions of AF ablation technology of Kochamba, which appeared in his February/March 2002 inventor's notebook that he disclosed to Estech.  *Id.* at 32.  Moreover, the Arbitrator found that Kochamba disclosed the subject matter in these notebook pages to Estech as an improvement of the invention described in the '065 patent.  *Id.*  Thus, the Arbitrator ruled that "Estech had a contractual obligation to prosecute patent applications covering AF ablation technology in a manner that preserved Kochamba's rights to the inventions disclosed in the notebook pages."  *Id.*  Again, this conclusion of the Arbitrator exhibits neither complete irrationality nor a manifest disregard of the law.  *French*, 784 F.2d at 906 ("It is not even enough that the [arbitrator] may have failed to understand or apply the law.").

With respect to Estech's contention that the Arbitrator ignored its last reply brief and critical evidence, Estech concedes that "merely misevaluating this evidence would

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7955 AHM (SSx) | Date | May 20, 2008 |
|---|---|---|---|
| Title | ENDOSCOPIC TECHNOLOGIES, INC.  v. GARY KOCHAMBA | | |

not be grounds for vacating his decision." Pl. Mem. at 36.  Moreover, confirmation of an award is required even in the face of "erroneous findings of fact." *French*, 784 F.2d at 906.  Thus, given this deferential standard of review, Estech has not established that the Arbitrator's decision exhibits a manifest disregard of the law.

> **E.   Whether the Arbitrator exceeded his authority by applying the marking doctrine.**

Finally, the Arbitrator found that under the "marking doctrine" Estech owed royalties on some of its products up to the date of the arbitration decision because Estech continued to affix the two patent numbers from the License Agreement (patents '065 and '479) on the packaging of the products until two months before the decision.  *Id.* at 28-31.  Estech argues that the licensing agreement requires that products be marked with patent numbers and that the status quo be maintained during the arbitration.

In the decision, the Arbitrator rejected Estech's contention that application of the marking doctrine was contrary to the license agreement because the agreement required the maintenance of the status quo.  *Id.* at 30-31.  The Arbitrator concluded that Estech did not preserve the status quo by stopping its payment of royalties to Kochamba and thus was not entitled "to obtain the benefit of marking while also benefitting by withholding royalty payments." *Id.* at 31.  Estech has not established that this conclusion exhibits complete irrationality or a manifest disregard of the law.

## V.   CONCLUSION

For the foregoing reasons, the Court DENIES Estech's motion[3] to vacate in part or modify in part the arbitration award.  No hearing is necessary.  Fed. R. Civ. P. 78(b); L. R. 7-15.  THIS ORDER IS NOT INTENDED FOR PUBLICATION.

_____   :   _____
Initials of Preparer            SMO

**Make JS-6**

---

[3]  Dkt. No. 1, 3.